1

2

3

4

5

6

7

8                              UNITED STATES DISTRICT COURT

9                          FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    DOUGLAS V. JACKSON,                         No. 1:24-cv-00143-HBK (HC)

12                  Petitioner,                    ORDER DIRECTING CLERK OF COURT TO
                                                   ASSIGN DISTRICT JUDGE
13          v.
                                                   FINDINGS AND RECOMMENDATION TO
14    EDWARD BORLA, Warden,                        DISMISS PETITION FOR FAILURE TO
                                                   STATE A CLAIM[1]
15                  Respondent.
                                                   FOURTEEN-DAY OBJECTION PERIOD
16
                                                   (Doc. No. 1)
17

18          Petitioner Douglas V. Jackson ("Petitioner"), a state prisoner, is proceeding on his pro se

19   petition for writ of habeas corpus under 28 U.S.C. § 2254 docketed on February 1, 2024.  (Doc.

20   No. 1, "Petition").  This matter is before the Court for preliminary review.  *See* Rules Governing

21   § 2254 Cases, Rule 4; 28 U.S.C. § 2243.  For the reasons set forth below, the Court recommends

22   that the Petition be DISMISSED for failure to state a cognizable habeas claim.

23                              I.      BACKGROUND

24          Petitioner is serving an indeterminate 48-year-to-life sentence stemming from his

25   December 1, 2008 conviction for Attempted Murder of a Peace Officer, Attempted 2nd Degree

26   Robbery, Felony Evading with Firearm, Second Degree Robbery, Assault with Firearm, and

27   _____

28   [1] This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302
     (E.D. Cal. 2022).

Felon in Possession.  (Doc. No. 1 at 1).  The Petition raises two grounds for relief: (1) the Clerk of Court for the Ninth Circuit Court of Appeals failed to timely notify Petitioner that his petition for a writ of certiorari was denied on May 15, 2017; and (2) the Ninth Circuit Court of Appeals "failed to address" this same claim (ground one) raised by Petitioner in his petition for writ of habeas corpus that he filed directly with the Ninth Circuit on October 2, 2023 (Case No. 23-2614), instead issuing an order December 15, 2023 finding the claim not cognizable.  (Doc. No. 1 at 4-6).  Plaintiff attaches a copy of the Ninth Circuit's December 15, 2023 order entered in Case No. 23-2614 as an exhibit to his Petition.  (*Id*. at 23-24).  It is unclear from the face of the Petition the nature of the relief Petitioner seeks.

## II.   APPLICABLE LAW AND ANALYSIS

Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus.  The Court must dismiss a petition "[i]f it plainly appears from the petition . . . that the petitioner is not entitled to relief."  Rule 4 of the Rules Governing § 2254 Cases; *see also Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990).  The Advisory Committee Notes to Rule 8 indicate that the Court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed.  Courts have "an active role in summarily disposing of facially defective habeas petitions" under Rule 4.  *Ross v. Williams*, 896 F.3d 958, 968 (9th Cir. 2018) (citation omitted).  However, a petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted.  *Jarvis v. Nelson*, 440 F.2d 13, 14 (9th Cir. 1971).

### A.  Failure to State a Cognizable Claim

The basic scope of habeas corpus is prescribed by statute.  Title 28 U.S.C. § 2241(c)(3) provides that the writ of habeas corpus shall not extend to a prisoner unless "[h]e is in custody in violation of the Constitution or laws or treaties of the United States."  The Supreme Court has held that "the essence of habeas corpus is an attack by a person in custody upon the legality of that custody . . ."  *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973).  If a prisoner's claim "would necessarily demonstrate the invalidity of confinement or its duration," a habeas petition is the

1  appropriate avenue for the claim.  *Wilkinson v. Dotson*, 544 U.S. 74, 82 (2005

2       Here, any relief on Petitioner's claims would not lead to his immediate or earlier release.

3  *See Nettles v. Grounds*, 830 F.3d 922, 935 (9th Cir. 2016) (if a favorable judgment for the

4  petitioner would not "necessarily lead to his immediate or earlier release from confinement," a

5  habeas claim is not appropriate).  Petitioner does not directly challenge his 2008 conviction or

6  sentence.  Rather, the gravamen of his claims is that he was not timely notified by the Clerk for

7  the Ninth Circuit that his petition for certiorari to the United States Supreme Court was denied.

8  (Doc. No. 1 at 4-6).[2]  Petitioner's claims are clearly not cognizable via a petition for writ of

9  habeas corpus.  Indeed, as acknowledged by Petitioner, he filed a separate § 2254 petition raising

10  this same claim directly with the Ninth Circuit that was docketed at Case No. 23-2614.  In

11  declining transfer of the petition to this Court pursuant to Fed. R. App. P. 22(a), the Ninth Circuit

12  noted that Petitioner "is not raising claims that can be brought in federal habeas corpus."  (*Id.* at

13  23-24).  Arguably, Petitioner is asking this Court to reconsider the Ninth Circuit's summary

14  rejection of his petition for writ of habeas corpus.  This Court does not have jurisdiction to

15  reconsider the Ninth Circuit's summary dismissal of his petition.

16       Based on the foregoing, the undersigned recommends the Petition be dismissed for failure

17  to state a cognizable claim, as it appears that no tenable claim for relief can be pleaded were leave

18  to amend be granted.

19                        **III.  CERTIFICATE OF APPEALABILITY**

20       State prisoners in a habeas corpus action under § 2254 do not have an automatic right to

21  appeal a final order.  *See* 28 U.S.C. § 2253(c)(1)(A); *Miller-El v. Cockrell*, 537 U.S. 322, 335-36

22  (2003).  To appeal, a prisoner must obtain a certificate of appealability.  28 U.S.C. § 2253(c)(2);

23  *see also* R. Governing Section 2254 Cases 11 (requires a district court to issue or deny a

24  certificate of appealability when entering a final order adverse to a petitioner); Ninth Circuit Rule

25  22-1(a); *United States v. Asrar*, 116 F.3d 1268, 1270 (9th Cir. 1997).  Where, as here, the court

26

----

[2] The Court takes judicial notice of its files.  Petitioner, who was represented by counsel, previously filed a
27  petition for writ of habeas corpus in this court on August 7, 2013, which was denied on June 11, 2015.  *See*
Case No. 1:13-cv-01296-LJO-MJS (Doc. Nos. 1, 34-35).  Petitioner appealed and the Ninth Circuit denied
28  Petitioner a certificate of appealability February 16, 2016.  (Doc. Nos. 36, 40).

denies habeas relief on procedural grounds without reaching the merits of the underlying constitutional claims, the court should issue a certificate of appealability only "if jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id*. Here, reasonable jurists would not find the undersigned's conclusion debatable or conclude that petitioner should proceed further. The undersigned therefore recommends that a certificate of appealability not issue

Accordingly, it is **ORDERED**:

The Clerk of Court shall randomly assign this case to a district judge.

Further, it is **RECOMMENDED**:

1. The Petition (Doc. No. 1) be DISMISSED for failure to state a cognizable claim.

2. Petitioner be denied a certificate of appealability.

### NOTICE TO PARTIES

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within **fourteen (14) days** after being served with these findings and recommendations, a party may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

Dated:    February 20, 2024

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

4